NORTHERN CONCRETE PIPE, INC., *v.*
PHOENIX SPRINKLER & HEATING COMPANY

CONTRACTS—IMPLIED CONTRACT—DIRECTED VERDICT.
> Directed verdict of no cause of action affirmed, where plaintiff, in order to establish an implied contract, had to prove that the person with whom it dealt was the agent of defendant or prove facts from which his agency could be inferred and the record failed to establish the required agency or to establish facts from which the agency could be inferred.

Appeal from Kent, Claude Vander Ploeg, J. Submitted Division 3 March 4, 1969, at Grand Rapids. (Docket No. 5,400.) Decided March 27, 1969.

Complaint by Northern Concrete Pipe, Inc., a Michigan corporation, against Phoenix Sprinkler & Heating Company, a Michigan corporation, to recover for concrete pipe and supplies shipped to defendant. Directed verdict of no cause of action. Plaintiff appeals. Affirmed.

*Goldstein & Goldstein,* for plaintiff.

*Rhoades, McKee & Boer,* for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Plaintiff filed this action to recover for concrete pipe and supplies shipped to defendant

REFERENCE FOR POINTS IN HEADNOTE
3 Am Jur 2d, Agency § 348.

at its request.   At the close of plaintiff's proofs, the trial court granted defendant's motion for a directed verdict of no cause of action.   In making this ruling, the trial court found that plaintiff's proofs, taken most favorably to plaintiff, did not establish a contract, express or implied, between the parties.   Plaintiff appeals.

Plaintiff's theory of liability is implied contract. In order to establish it, plaintiff had to prove that the person with whom it dealt was the agent of defendant or to prove facts from which such agency could be inferred.   The record, and this includes the separate record, fails to establish the required agency and fails to establish facts from which the agency could be inferred.

Affirmed with costs to defendant.